**Joe Wayne JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–044–CR.**

Court of Appeals of Texas,
Waco.

Sept. 15, 1983.

Discretionary Review
Refused Feb. 29, 1984.

Michael J. Rogers, Cleburne, for appellant.

John R. MacLean, Dist. Atty., Wayne Bridewell, Asst. Dist. & County Atty., Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Jordan from conviction for aggravated assault, aggravated kidnapping and burglary of a habitation. Defendant was indicted for the 3 offenses in a single indictment; tried for the 3 offenses in the same trial; convicted on all 3 counts; and assessed 10 years probation for the aggravated assault, 10 years probation for the aggravated kidnapping, and 5 years in the Texas Department of Corrections for the burglary.

The evidence reflects defendant came to his ex-wife's home in Cleburne 2 days after their divorce, broke in with a pistol, threatened to kill the ex-wife, hit her a number of times, raped her, did many other terrible things to her, forced her at gun point to accompany him to near Longview (along with the 2 children), and returned her to Ft. Worth after some 2 days of captivity.

Defendant appeals on 2 grounds of error.

 Ground 1 asserts the trial court erred in allowing prejudicial testimony concerning prior offenses alleged to have been committed by defendant.

Defendant and the complainant were married for some 7 years, and were divorced on October 18, 1982. On October 20, 1982, at about 10:00 p.m. defendant broke into the complaining witness' home with a pistol, and threatened to kill her and the children if she did not do everything he wanted her to do. He hit her 3 times, forced her to undress, took pictures of her in the nude, raped her, and did a number of other terrible things to her. She testified to an additionally terrible thing he did to her "one other time before when he assaulted me in July". No objection was made to this testimony.

Later she was asked to state just what happened in July and counsel for defendant objected on ground it was an attempt to go into an extraneous offense. The trial court overruled the objection and she then testified to his sexual assault on her in July.

Thereafter on cross-examination defendant's counsel asked her questions about the prior assault in July on 3 separate occasions; and on redirect examination she testified further about the July assault without objection by defendant. It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other

evidence which is not challenged. *Granviel v. State*, Tex.Cr.App., 552 S.W.2d 107, cert. denied, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250; *Crocker v. State*, Tex.Cr.App., 573 S.W.2d 190. Moreover, in view of the evidence in this case, admission of evidence of the July assault was harmless. *Bass v. State*, Tex.Cr.App., 622 S.W.2d 101, cert. denied, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491.

Ground 1 is overruled.

Ground 2 asserts the trial court erred in allowing defendant's witness as to reputation to be cross examined as to his personal knowledge of prejudicial matters.

 During punishment phase defendant called witness Bill Young and asked him if he was familiar with defendant's reputation for being a peaceful and law abiding citizen prior to this episode that is the subject of this lawsuit. Mr. Young answered: "As far as I know Joe has always conducted himself when I observed him as a gentlemen and a coach. And like I say Greg and Phil [the witness' children] never had anything to say about him." On cross-examination counsel for the State asked the witness if he had checked on defendant's conduct or behavior since he had been in jail. The witness answered "No sir"; Counsel then asked the witness: Q. "You don't know if he's been in charge or if he's just one of the flunkies, do you?" The witness answered "No sir. Q. And whether or not he's been making any threats?" Counsel for defendant objected on the ground that this is a "have you heard" question and improper. The trial court overruled the objection. Thereafter the State asked the witness: Q. "Have you heard whether or not since he's been incarcerated down here and during the time he's been in jail he's been making threats as to what he's going to do to his [ex-] wife when he gets out?" Ans: "No sir" Q. Haven't you heard about that?" Ans: "No sir." Q. "Do you think that would be important, Mr. Young?" Ans: "I don't know". No objection was made to the foregoing.

Improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged. *Granviel v. State*, supra; *Crocker v. State*, supra.

Moreover, Mrs. Jordan testified defendant had threatened to kill her some 5 or 6 different times.

Ground 2 is overruled.